**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ROBERT HOLLOWAY** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CIVIL NO. 4:25-CV-00013-SDJ** |
| | § | |
| **DRURY HOTELS COMPANY, LLC** | § | |
| **Defendant** | § | |

**DEFENDANT DRURY HOTELS COMPANY, LLC'S REPLY TO PLAINTIFF'S**
**MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT AND OBJECTION TO SUMMARY JUDGMENT EVIDENCE**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Drury Hotels Company, LLC ("Drury") files this Reply to Plaintiff's Memorandum in Response to Defendant's Motion for Summary Judgment and Objection to Summary Judgment Evidence.

**I.      Summary of Reply**

1.      Summary judgment is appropriate because Plaintiff fails to establish that an innocuous curb is unreasonably dangerous. Here, there is no admissible evidence that the curb was unreasonably dangerous. The admissible evidence is that the design of the curb, on which Plaintiff twisted his ankle, was in accordance with applicable codes. The authorities relied upon by Plaintiff to argue a fact question on whether the curb is unreasonably dangerous are factually and legally distinguishable. Summary judgment is also appropriate because there in no evidence Drury knew of a dangerous condition. Plaintiff admits that there is no evidence of actual knowledge of a dangerous condition. Relying instead on cases addressing conspicuously dangerous conditions to argue constructive knowledge. However, Plaintiff fails to prove that on reasonable inspection Drury, or its employees, could have discovered the existence of a dangerous condition.

## II.    Objection to Plaintiff's Summary Judgment Evidence

2.    Drury objects to Exhibit 4 as it is neither sworn nor declared under penalty of perjury to be true and correct and therefore it is not competent evidence. See e.g. *Smith v. Palafox*, 728 F. App'x 270, 274 (5th. Cir. 2018) (expert reports offered in opposition to summary judgment are neither sworn nor declared under penalty of perjury to be true and correct, it is not competent evidence.) See also, *Price v. Dart Police*, No. 3:23-cv-2301-L-BN, 2025 LX 317249, at *15 (N.D. Tex. July 21, 2025).

3.    Drury further objects to Exhibit 4 as it relies, as a foundation, Section 10.10 of the International Building Code. As demonstrated in Drury's previously filed Amended Motion to Exclude Jason English, the section is inapplicable to the ramp in question. Further, the report is not properly admissible, as the report does not comply with Rule 26 as it fails to contain the evidence relied upon in forming the expert opinions. *See Smith v. Palafox*, 728 F. App'x 270, 274, fn. 4. Referencing Fed. R. Civ. P. 26(a)(2)(B)(ii) (noting that expert reports should include "the facts or data considered by the witness" in forming the expert opinion).

4.    Drury objects to Exhibit 6, which is the affidavit or Robert Holloway, specifically paragraphs 5-9, and the last sentence of paragraph 10, because it is inconsistent and contradicts his previous testimony. Holloway previously testified that Holloway knows he stepped off the curb onto the parking lot surface and twisted his ankle, but he does not know why he twisted his ankle. (Exhibit 3, Deposition of Robert Holloway, 28:23-29:16). Holloway, also previously testified he could have seen the handicap ramp, handicap parking space and handicap striping had he been looking, and that had he noticed it, he would not have fallen. He does not recall paying attention to it. (Exhibit 3, Deposition of Robert Holloway, 39:11- 40:4). Holloway's previous testimony is

flatly inconsistent with the affidavit and the affidavit fails to present the foundation to support a foundation for the new but inconsistent testimony. Texas and federal courts agree that summary judgment may be granted based upon the uncontroverted testimony of interested witnesses, so long as it is "clear, direct, and free from contradictions and inconsistencies." *Dickson v. Am. Red Cross Nat'l Headquarters*, CIVIL ACTION NO. 3:95-CV-2391-P, 1997 U.S. Dist. LEXIS 4838, at *13 (N.D. Tex. Mar. 7, 1997) (citing, *World Boxing Council v. Cosell*, 715 F. Supp. 1259, 1263 n.4 (S.D.N.Y. 1989). *Clemmer v. Enron Corp.*, No. H-93-3550, 1995 WL 334372, at *5 (S.D. Tex. Mar. 25, 1995); and *Channel 4, KGBT v. Briggs*, 759 S.W.2d 939 (Tex. 1988).

### III.     Reply to Response to Summary Judgment

#### A.  Plaintiff fails to establish that the condition of the curb was unreasonably dangerous.

5.      In his response to Summary Judgment, Plaintiff concedes that whether certain innocuous or commonplace hazards are unreasonably dangerous is evaluated as a matter of law. Holloway's Response to Motion for Summary Judgment, page 4. Citing, *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800 (Tex. 2022). *Christ v. Texas Dept. of Trans*., 664 S.W.3d 82, 87 (Tex. 2023). As Drury noted in it Motion for Summary Judgment, in *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 163 (Tex. 2007), like here, the plaintiff exited the building through the front entrance where a pedestrian ramp led into the parking lot. A portion of the ramp was not railed, and there was painted striping in the section of the parking lot immediately next to it. *Id*. The court did not consider the condition of the ramp unreasonably dangerous as a matter of law. *Id.,* at 163.  The Court considered that there were no reports of other customers being injured by the ramp and the owner of the building had not received any complaints about the safety of the ramp. *Id*.  The facts in *Brinson Ford, Inc.* are significantly aligned with this case, and so too should be the outcome.

**The authorities cited by Plaintiff are distinguishable.**

6.      Plaintiff offers several cases to persuade the Court to not apply the Texas Supreme Court precedent from *Brinson Ford, Inc. v. Alger,* that a common condition of a curb is innocuous and therefore not unreasonably dangerous as a matter of law. However, the authorities are distinguishable and inapplicable.

7.      First, Plaintiff relies on *Hibdon v. Atrium Hosp. LP*, Civil Action No. 3:24-CV-1908-D, 2025 U.S. Dist. LEXIS 227449, at *9 (N.D. Tex. Nov. 19, 2025). In *Hibdon*, Plaintiff did not twist her ankle as she stepped off a curb to the parking lot but fell when she encountered a doorstop that was small, not clearly marked, and difficult to detect, was 1.8 to 2 inches in width and excessively protruded above the floor surface in violation of applicable safety codes.  The doorstop over which Hibdon tripped was removed following the incident. *Id*. Unlike *Hibdon*, here there is no admissible evidence that the condition of the curb was small, difficult to detect or violated applicable safety codes.

8.      Next, Plaintiff relies on *Haas v. Pilot Travel Ctrs., LLC*, No. EP-20-CV-00247-FM, 2022 U.S. Dist. LEXIS 231447, at *2-3 (W.D. Tex. Oct. 12, 2022). Unlike this case, Haas did not deal with an individual stepping off a curb and twisting his ankle, but instead, a Plaintiff with multiple sclerosis who was wheelchair-bound. As Haas exited the Premises, he drove [his wheelchair] straight toward the striped, yellow section, and careened over the curb, where he was ejected from his wheelchair onto the parking lot pavement. *Id.*, at *2-3. As it pertained to the ramp and curb, the Court noted that the curb failed to comply with relevant building codes. *Id.*, at *9,

9.      Not only are the nature of the incidents significantly distinguishable factually, but also here, there is no admissible evidence of a violation of applicable building codes as in *Hibdon* and *Haas*. Plaintiff's expert English relies on building code provisions, which as demonstrated in

Drury's previously filed Amended Motion to Exclude English, incorporated by refence, are inapplicable to the ramp in question. See, *United Supermarkets,* where the Court rejected that expert testimony related to safety standards raised a genuine issue of material fact, when the safety codes were not demonstrated to be controlling of the specific premises. *United Supermarkets, LLC v. McIntire*, 646 S.W.3d at 804.

**B. Plaintiff fails to raise evidence of actual or constructive knowledge of a dangerous condition.**

10.    Plaintiff concedes that there an element of his proof to recover is actual or constructive knowledge by a defendant of an unreasonably dangerous condition. Plaintiff further appears to concede that there is not evidence of actual knowledge of a dangerous condition, instead relying on constructive knowledge. Plaintiff's Response to Motion for Summary Judgment, pages 7-8. However, the cases cited by Plaintiff do not support imposition of constructive knowledge of a dangerous condition under the facts of this case.

11.    In evaluating constructive notice Plaintiff first relies on *Wal-Mart Stores v. Reece*, 81 S.W.3d 812 (Tex. 2002). Factually, *Reece* addressed how constructive notice could be imposed on a retailer for spilled liquid on the floor. The Texas Supreme Court explained that the rule was developed due to the reluctance to impose liability on a storekeeper for the carelessness of another over whom it had no control or for "the fortuitous act of a single customer" that could instantly create a dangerous condition. *Id*., at 816 (Citing, *Coffee v. F.W. Woolworth Co.*, 536 S.W.2d 539, 541 (Tex. 1976)). The court held what constitutes a reasonable time for a premises owner to discover a dangerous condition depends on the facts and circumstances presented. *Id*., at 812. If the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it. Similarly,

if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition. *Id*. But in either case, there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition. Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach we have clearly rejected. *Id*. The Texas Supreme Court ultimately held that because it was Reece's failed to establish that it was more likely than not that Wal-Mart should have been aware of the spill because it existed long enough to give Wal-Mart a reasonable opportunity to discover and rectify it, or to warn about it, judgment in favor of Walmar was warranted as a matter of law. *Id*., at 817.

12.     In *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566 (Tex. 2006). Spates alleged that while shopping in the soft-drink aisle her toe and sandal became entangled in an empty plastic six-pack ring, causing her to fall. She argued that because the ring was directly behind and within a few feet of a Wal-Mart employee, she presented evidence of constructive knowledge of the dangerous condition. Because there was no evidence that it was in proximity of the employee for an extended period of time, the Court held summary judgment in favor of Wal-Mart was appropriate. *Id*.

13.     In *Dixon v. Wal-Mart Stores, Inc.,* 330 F.3d 311 (5th Cir. 2003), the Fifth Circuit addressed a case where Dixon tripped and fell when her feet becoming entangled in a piece of plastic similar to the rope-like plastic strips that are typically used to bind newspapers  or magazines into stacks. Like, the Plaintiff in *Spates*, Dixon argued proximity to the object was sufficient to create constructive notice. The Fifth Circuit rejected the argument that proximity, without credible evidence of how long the dangerous object was present, could create evidence of constructive notice of an unreasonably dangerous condition. *Id*.

14.    In *Gonzalez v. Walgreen Co.*, 140 F.4th 663, 666 (5th Cir. 2025), the Fifth Circuit addressed a case where Jose Gonzalez slipped and feel on a wet bathroom floor as an unidentified customer was plunging the toilet in the same bathroom. Gonzalez argued that because a Walgreen employee gave the customer the plunger to use, it created constructive notice of the wet floor. In rejecting the argument, the Court held there was no agency between Walgreens and the unidentified customer and providing a plunger was insufficient to create constructive notice of the wet floor. Thus, summary judgment was warranted. *Id*.

15.    All of the the cases cited by Plaintiff address a conspicuous hazard and the application of a reasonable time for the discovery of the conspicuous hazard for the imposition of the constructive knowledge doctrine. Yet here, there is no evidence of a conspicuous hazard. The undisputed summary judgment evidence proves that the parking lot, ramp and curb including the area of the fall was designed and engineered by a third-party design firm, Kimberly Horn. Paragraph 6, Exhibit 5 to Drury Motion for Summary Judgment.  The parking lot, ramp and curb including the area of the fall was constructed in compliance with adopted codes and accessibility requirements and submitted to the City of Richardson for approval. Paragraph 6, Exhibit 5 to Drury Motion for Summary Judgment. The parking lot, ramp and curb including the area of the fall was inspected and approved by the Texas Department of Licensing and Regulation. Paragraph 6, Exhibit 5 to Drury Motion for Summary Judgment. The hotel had not received complaints about the safety of this area nor have any other reported incidents of falls or other injuries occurring in this area that have been reported to the general manager since the hotel opened in 2020. Exhibit 4 to Drury Motion for Summary Judgment, Deposition of Jordan Glaser 26:7-29:8. As part of the duties of the general manager, Jordan Glaser walked the entire property multiple times a day to check for potential hazards and did not observe the condition of the ramp and parking lot as a danger to hotel

guests. Exhibit 4 to Drury Motion for Summary Judgment, Deposition of Jordan Glaser 14:1-16:11. Thus, there is no evidence of a conspicuous hazard, or that Drury could have discovered a hazardous condition by inspection.

16.     Plaintiff cites this Court to *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97 (Tex. 2000), a premises liability case, where the plaintiff injured his back when he stepped onto unstable steps while carrying a heavy load. Plaintiff argued that the condition of an unstable step was like a grape or liquid on the floor. The court rejected the argument.  The Court distinguish the condition of the steps from a conspicuous condition like a grape or spill on the floor that creates a dangerous condition when it first occurs. The Court held that the core of the duty of conditions that change over time, depends on actual or constructive knowledge of a dangerous condition that a reasonable inspection would reveal. *Id*., at 101. Focusing directly on constructive knowledge, the Court held that constructive knowledge can be established by showing that an unreasonably dangerous condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection. However, the Court rejected the imposition of constructive knowledge when the owner or occupier did not have actual knowledge and would not have discovered the dangerous condition from a reasonable inspection. *Id*., at 102-103.

17.     Ultimately, to impose liability Plaintiff here cannot simply argue the condition existed over a long period of time, thus creating constructive knowledge of an unreasonably dangerous condition. For the constructive knowledge doctrine to apply, Plaintiff must prove that an inspection by Drury employees would have revealed an unreasonably dangerous condition. No such evidence is presented. Instead, the undisputed summary judgment evidence is that the design of the curb was by an engineering firm in accordance with applicable codes. The design was submitted to local permitting authorities for compliance with applicable codes. The construction was inspected and

approved by the Texas Department of Licensing and Regulation. The hotel had not received complaints about the safety of this area nor have any other reported incidents of falls or other injuries occurring in this area since the hotel opened in 2020. Drury employees inspected the area multiple times a day to check for potential hazards and did not observe the condition of the ramp and parking lot as a danger to hotel guests. Thus, there is no evidence from which constructive knowledge can be imposed.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully request that this Court grant its Motion for Summary Judgment in all things, that all of Plaintiff's claims against Defendants be dismissed with prejudice, that Plaintiff take nothing in this action against Defendant, and that Defendant be awarded all other and further relief to which they may be entitled.

Respectfully submitted,

BURNS ANDERSON JURY & BRENNER, L.L.P.
P.O. Box 26300
Austin, TX 78755-0300
(512) 338-5322 (telephone)
(512) 338-5363 (facsimile)

David Brenner
State Bar No. 02958020
dbrenner@bajb.com
Jasleen K. Shokar
State Bar No. 24119559
jshokar@bajb.com

*Attorneys for Defendant Drury Hotels*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing has been forwarded this 2nd day of January 2026 in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure to the following:

<u>VIA E-SERVICE</u>
Austin F. Heartley
J. Seth Madden
Hartley Law Firm
2340 E. Trinity Mills Rd., Suite 100
Carrollton, Texas 75005

_____
David Brenner